**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN F. D'AMICO,**

    **Plaintiff,**

vs.                                     Case No.  4:19cv444-WS-MAF

**OFFICER ECKERT, et al.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

The pro se Plaintiff has now filed a third amended civil rights complaint, ECF No. 19, pursuant to 42 U.S.C. § 1983.  As Plaintiff was granted leave to proceed in forma pauperis status, ECF No. 7, his third amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's complaint is now limited to his claims against Defendant Eckert, who is a correctional officer at the Florida Department of Corrections' Reception and Medical Center in Lake Butler, Florida.  All events about which Plaintiff complains occurred at that institution.  Lake Butler is within Union County, Florida, and is not within the territorial jurisdiction of this Court.  Instead, it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1),(2).  Plaintiff's complaint has been filed in the wrong district because all the events occurred in Columbia County.  Venue is appropriate in the Middle District of Florida because the Defendants are there and Plaintiff's claim arose there.  The proper forum for this action pursuant to 28 U.S.C. § 89(b) and § 1391(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).

Case No. 4:19cv444-WS-MAF

Justice is better served by transferring this case to the appropriate forum rather than dismissing it.   There is no need for a hearing prior to transfer.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv444-WS-MAF